UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACKLYN S. JONES,

    Plaintiff,                      CIVIL ACTION NO. 07-13299

v.                               DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                  MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work prior to December 31, 2002, when her insured status expired.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on February 8, 2002, alleging that she had been disabled and unable to work since September 1, 1999, at age 40, due to severe joint pain[1] (TR 246). Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on April 3, 2003, before Administrative Law Judge (ALJ) Michael F. Wilenkin. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work (TR 327-328). The Appeals Council granted Plaintiff's request for review, and subsequently

---

[1] Plaintiff filed a previous application for disability benefits in January 1997 (TR 73-74). Benefits were granted by the SSA through June 1, 1999, when her medical condition improved and she was able to return to work (TR 41).

remanded the matter to the ALJ for further proceedings to consider claimant's obesity and possible need of a cane to ambulate (TR 337-339).

The claimant declined an offer of another administrative hearing, and she elected to have the new decision made on the evidence already in the record (TR 343). In a decision dated March 10, 2005, the ALJ again found that the claimant retained the residual functional capacity for sedentary work that did not require repetitive twisting, climbing, stooping, squatting, kneeling, crouching, bending, or raising her arms above shoulder level. The ALJ also restricted the claimant from jobs that required prolonged standing or walking of more than 2 hours, or sitting longer than 6 hours, of an 8 hour workday[2] (TR 327). The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 43 years old at the time her insured status expired. She had been graduated from high school, and had been employed as a cashier, packager, machine operator and secretary during the relevant past (TR 115, 454-455). As a machine operator, Plaintiff alternated between sitting and standing for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 50 pounds on a regular basis (TR 118, 437).

---

[2] When the ALJ found that the evidence failed to document a different residual functional capacity evaluation than the one he previously outlined in May 2003, he incorporated by reference the recommended findings made in the prior hearing decision (TR 21 referring to TR 327-328).

Claimant stopped working in September 1999, due to severe pain in her back, hips, right leg and feet (TR 438-440). She testified that joint pain prevented her from remaining on her feet for prolonged periods (TR 448, 450). Plaintiff explained that she was extremely limited in her ability to sit, stand, walk, lift or climb stairs (TR 448-449). Claimant estimated that she could sit for perhaps 20 minutes, walk one half block and lift just five pounds (TR 449). She added that she needed to lie down several times a day to get any pain relief (TR 450). Plaintiff stated that she had trouble performing household chores, but she did home school her youngest child for several hours a day (TR 447).

A Vocational Expert, Peter Fotiu, classified Plaintiff's past work as light to medium, unskilled activity (TR 454). The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[3] (TR 456). If she were capable of sedentary work, there were numerous unskilled assembly, packaging, sorting and visual inspection jobs that Plaintiff could perform with minimal vocational adjustment (TR 458). These jobs did not require her to remain on her feet for prolonged periods, and did not involve any driving or climbing. They also did not require repetitive twisting, stooping, squatting, kneeling, crouching, bending, or raising of the arms above shoulder level (TR 456-458).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired during the relevant past as a result of obesity[4], early osteoarthritis of the hips, a small disc herniation of the

---

[3] The witness explained that Plaintiff's alleged inability to remain on her feet for prolonged periods and her need to lie down every day would preclude all work activity (TR 456).

[4] Contrary to Plaintiff's assertion, the ALJ discussed the effects of her obesity on her ability to work. The Law Judge noted that Dr. Edmond found that claimant's excessive

3

lumbar spine, heel spurs and bursitis affecting both feet, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's obesity and joint pain precluded her from performing jobs requiring prolonged standing or walking. He further found that Plaintiff was restricted to simple, routine tasks that did not involve any repetitive twisting, climbing, stooping, squatting, kneeling, crouching, bending, or raising of the arms above shoulder level. The ALJ determined that the claimant retained the residual functional capacity to perform a reduced range of sedentary work within those limitations prior to December 31, 2002, when her insured status expired.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

---

weight caused a limitation of hip motion (TR 22). The examining doctor suggested that Plaintiff use a cane when ambulating in order to maintain her balance and ease her pain (TR 307, 323). The ALJ took into account this functional limitation by restricting the claimant to sedentary jobs that allowed her to sit for upwards of 6 hours during the workday.

4

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her obesity and multiple joint pains were severe enough to preclude her from all work activity. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2007).

<u>INSURED STATUS REQUIREMENT FOR DIB BENEFITS</u>

A "period of disability" can only commence while an applicant is fully insured. 42 U.S.C. § 416(I)(2). The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on December 31, 2002, and thus she cannot be found disabled unless she can establish a disability prior to that date. Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982). Evidence relating to a later time period is only minimally probative, Siterlet v. Secretary, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). In other words, regardless of the seriousness

of her present disability, Plaintiff must prove that she was disabled prior to December 31, 2002, when her insured status expired, in order to be entitled to DIB benefits. Garner v. Heckler, 745 F.2d 383, 390 (6th Cir. 1984).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity during the relevant period for a restricted range of sedentary work that did not require prolonged standing, walking or the lifting of more than ten pounds on a regular basis. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling pain prior to December 31, 2002, when her insured status expired.

The medical record during the relevant period contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to joint pain. Despite Plaintiff's claim of severe functional limitations, a significant portion of the treatment notes found in the record between September 1999, the alleged onset date of disability, and December 31, 2002, document routine medical care for such ailments as diffuse joint pain and various foot problems.

Prior to the expiration of Plaintiff's insured status, MRI films and X-ray studies showed only a small degree of right hip bursitis and early osteoarthritic changes (TR 301, 314). Lumbar disc spaces were intact and vertebral heights were normal (TR 313-314). During an August 2000, consultative examination, Plaintiff showed no muscle spasms or atrophy (TR 220), and she had full ranges of motion in her hands, shoulders, hips, elbows and wrists (TR 222-223). Moreover, claimant's gait was normal, and she exhibited no manipulative limitations (TR 218-221). Another consultative evaluation in April 2002,

showed that Plaintiff enjoyed full muscle strength and normal ranges of motion in her shoulders, cervical spine, wrists and ankles (TR 305-309).

A neurological evaluation by Dr. Teck Mun Soo on July 18, 2002, found that Plaintiff had difficulty with flexion, extension, bending and rotation of her torso (TR 312). The ALJ took into account this functional limitation by limiting Plaintiff to sedentary work that did not require her to remain on her feet for prolonged periods, and did not involve repetitive twisting, climbing, stooping, squatting, kneeling, crouching, bending or raising her arms above shoulder level.

Plaintiff relies heavily upon the fact that her podiatrist, Dr. Thomas Bifulco, found her incapable of performing gainful employment in February 2003 and January 2004 (TR 316, 429). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Bifulco offered little objective evidence during the relevant period to support his conclusion of disability, his opinion need not have been given any special weight[5]. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir.

---

[5] Dr. Bifulco opined that Plaintiff could not stand or walk for extended periods of time (TR 316). The ALJ accommodated this restriction by limiting the claimant to sedentary jobs where she could sit for upwards of 6 hours of every workday. Dr. Bifulco's assessment of disability fails to demonstrate why Plaintiff could not work in a seated position. Similarly, the disability opinion offered by Dr. Soo, the treating neurologist, in April 2003, was properly rejected as it was made after the expiration of claimant's insured status and was not supported by objective clinical evidence (TR 347).

1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

Given the lack of objective clinical evidence of disability during the relevant period[6], the Administrative Law Judge could reasonably find that Plaintiff's chronic pain symptoms did not prevent her from performing a reduced range of sedentary work. There was medical evidence on both sides and, having examined it, the undersigned cannot say that the Commissioner's conclusion was not supportable. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms prior to December 31, 2002, were not fully credible.

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments[7], the Vocational Expert testified that there were numerous

---

[6]Contrary to Plaintiff's assertion that she was entitled to have her prior application reopened (See brief at pp 12-13), a federal court may not review the Commissioner's refusal to reopen a previous application for benefits absent a constitutional challenge. Blacha v. Secretary, 927 F.2d 228, 231-232 (6th Cir. 1990). No constitutional challenge has been presented.

[7]The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by her joint pain. The claimant cannot claim, as she does in her brief in support of summary judgment, that the ALJ should have asked additional questions to a Vocational Expert at a remand hearing that never took place because she chose not to have one. Plaintiff had the advice of counsel when she indicated in writing, following the Appeals Council's remand order for further administrative proceedings to consider her need of a cane when walking, that she did not wish to have a new hearing.

unskilled assembly, packaging and visual inspection jobs that Plaintiff could perform with minimal vocational adjustment (TR 364). These jobs did not require her to remain on her feet for prolonged periods, and did not involve any driving or climbing. They involved simple, routine tasks, and did not require repetitive twisting, climbing, stooping, squatting, kneeling, crouching, bending, or raising her arms above shoulder level (TR 456-458). Given the objective clinical findings of the examining physicians of record during the relevant period, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity prior to December 2002.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: February 26, 2008

_____

## CERTIFICATE OF SERVICE

I hereby certify on February 26, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 26, 2008. **None.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217