UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACKLYN S. JONES,

    Plaintiff,

vs.                                        CIVIL NO.: 07-13299

COMMISSIONER OF                    HON. LAWRENCE P. ZATKOFF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on the parties' cross motions for summary judgment with respect to the Defendant's decision to deny Plaintiff's application for Social Security disability benefits. The Court is also in receipt of Magistrate Judge Donald A. Scheer's Report and Recommendation, wherein the Magistrate Judge recommends that Plaintiff's Motion for a Summary Judgment be denied and Defendant's Motion for Summary Judgment be granted.

After a thorough review of the court file, the Report and Recommendation, and the objections to the Report and Recommendation filed by Plaintiff, this Court will adopt the Report and Recommendation and enter it as the findings and conclusions of this Court. In addition, the Court briefly addresses below each of the issues raised by Plaintiff in her objections to the Report and Recommendation.

Plaintiff first argues that the Administrative Law Judge ("ALJ") cites records in the transcript demonstrating mostly normal results but the ALJ failed to address an MRI dated

July 2, 2002. Plaintiff argues that this particular MRI indicated a small, broad based, right paracentral disc herniation at L5-S1. After reviewing the record, the Court concludes that the ALJ did not err in failing to specifically address the July 2, 2002, MRI. While this MRI may not have been addressed in the transcript, the ALJ's report clearly made reference to MRI films and X-ray studies, which showed only a small degree of right hip bursitis and early osteoarthritic changes. On this basis, the Court finds that the ALJ (as well as the Magistrate Judge) considered all of the MRIs, there was no error of omitting the July 2, 2002, MRI from the transcript, and the condition of Plaintiff was fully considered.

Second, Plaintiff argues that the ALJ speculated when rejecting Plaintiff's allegations of disabling pain and contends that her disabilities were deemed credible by multiple sources. The Court concludes otherwise. The ALJ clearly recognized Plaintiff's claims of obesity and joint pain and formed the conclusion that Plaintiff would be precluded from performing jobs requiring prolonged walking or standing. The ALJ further found that Plaintiff was restricted to simple, routine tasks that did not involve any repetitive twisting, climbing, stooping, squatting, kneeling, crouching, bending, or raising the residual functional capacity to perform a reduced range of sedentary work. The Court therefore concludes that the ALJ took into account the Plaintiff's sources (including Drs. Thomas Bifulco and Teck Mun Soo, discussed below) and formulated a decision from the facts present in this case.

Third, Plaintiff asserts the ALJ and the Magistrate Judge did not give Drs. Thomas Bifulco and Teck Mun Soo the proper weight and authority. The Court notes that a neurological evaluation conducted by Dr. Teck Mun Soo on July 18, 2002, concluded that the Plaintiff had difficulty with flexion, extension, bending and rotation of her torso. As the

Magistrate Judge's opinion stated, the ALJ did take into account the functional limitation and limited Plaintiff to sedentary work that did not require her to remain on her feet for prolonged periods and did not require repetitive twisting, climbing, stooping, squatting, kneeling, crouching, or bending for long periods. With regards to Dr. Bifulco, Plaintiff argues it was Dr. Bifulco's opinion that Plaintiff was incapable of performing gainful employment in February 2003 and January 2004. Applicable law provides that the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Bifulco offered little objective evidence during the relevant period to support his conclusion of disability, his opinion need not be given any special weight. *Miller v. Secretary*, 843 F.2d 221, 224 (6th Cir. 1988). In reviewing the record, the Court also finds that the ALJ accommodated Dr. Bifulco's opinion by limiting the positions Plaintiff was capable of performing to sedentary jobs where she could sit for upwards of 6 hours of every work day. Accordingly, the Court finds that both Dr. Bifulco and Dr. Teck Mun Soo were given the proper weight and authority.

Fourth, Plaintiff argues that the ALJ and the Magistrate Judge failed to consider the lengthy and frequent course of, as well as the nature and extent of, the medical treatment provided to Plaintiff. The Court has reviewed Plaintiff's argument and has found that it does not comport with the record. The Magistrate Judge stated that there was medical evidence to support both parties' contentions. As the Magistrate Judge points out, the ALJ could reasonably find that Plaintiff's chronic pain symptoms did not prevent her from performing

3

a reduced range of sedentary work.

After examining the evidence, the Court cannot say that the ALJ's conclusions are not supported by substantial evidence. Rather, in light of the evidence on the record, the ALJ could reasonably have concluded that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms prior to December 31, 2002, were not credible. Further, the ALJ met the burden of proving the existence of jobs which accommodated claimant's known restrictions. Accordingly, the Court finds that (a) Plaintiff's medical treatment was taken into consideration by the ALJ and the Magistrate Judge, and (b) the Plaintiff was able to perform a reduced range of sedentary work.

Therefore, for the reasons stated above, the Court finds that there was substantial evidence on the record that Plaintiff retained the residual functional capacity for a limited range of sedentary work prior to December 31, 2002, when her insured status expired. Accordingly, Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's cause of action is hereby DISMISSED WITH PREJUDICE. Judgment shall be entered accordingly.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 15, 2008.

S/Marie E. Verlinde

Case Manager (810) 984-3290